U.S. COURTS

JUN 22 2015

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

Philip Hanson #78079
Idaho State Correctional Center, Unit E
P.O. Box 70010
Boise, ID 83707
(208) 331-2760

*Plaintiff Pro Se*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILIP HANSON, ) | Case No. 1:15-CV-217-CWD |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| CANYON COUNTY, Steve Rule, ) | |
| Kathy Alder, and Craig Hanson, ) | |
| in their official capacities as members of ) | |
| the Board of County Commissioners, and ) | |
| KIERAN DONAHUE, in his official ) | |
| capacity as the Canyon County Sheriff, ) | |
| ) | |
| Defendant. ) | |

COMES NOW PHILIP HANSON, Plaintiff, and for cause of action against the above-named Defendant does complain and allege as follows:

<u>NATURE OF THE CASE</u>

1. Plaintiff (hereinafter "Hanson") is suing the Defendant (hereinafter "Canyon County") pursuant to 42 U.S.C. § 1983. This action alleges that Canyon County violated Hanson's constitutional rights by assisting his ex-wife, Caroline Hanson, to

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**                                  1


FEE PAID
R# 15264

enter real property owned by Hanson without legal authority which allowed Hanson's ex-wife to convert Hanson's personal property in violation of law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 since this case if brought pursuant to 42 U.S.C. § 1983.

3. Venue is proper in the District of Idaho pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Canyon County is located in the District of Idaho and, as detailed below, a substantial part of the events or omissions giving rise to Hanson's claims occurred in the District of Idaho.

## PARTIES

4. At all times relevant herein, Hanson was, and is, an adult male individual and a citizen of the United States who currently resides, and has resided at all times relevant to this action in the state of Idaho.

5. At all times relevant herein, Canyon County was, and is, a political subdivision of the state of Idaho and acted as alleged herein through the actions, errors and omissions of the duly elected Board of County Commissioners in their official capacities and through its agent, the Canyon County Sheriff.

6. At all times relevant herein, Kieran Donahue was, and is, the duly elected sheriff of Canyon County.

## VIOLATIONS UNDER 42 U.S.C. § 1983

7. Hanson re-alleges the preceding paragraphs as though set forth *in haec verba*.

8. Hanson was incarcerated in June of 2013.

9. While Hanson was incarcerated, and on or about June 22, 2013, his ex-wife, Caroline

**COMPLAINT AND DEMAND
FOR JURY TRIAL**                                    2

Hanson, went to Hanson's real property located at 1118 N. 62nd Pl, Nampa, Idaho (hereinafter "real property") and tried to gain access to the real property.

10. Hanson was the owner of the real property and his ex-wife did not have permission or legal authority to enter the real property.

11. Canyon County's Sheriff's Office responded to the real property.

12. Canyon County knew or should have reasonably known that Hanson's ex-wife had no permission or legal authority to enter the real property.

13. Canyon County, by and through the Canyon County Sheriff's Office, exercised authority under color of state law to allow Hanson's ex-wife to enter the real property without an order of the Court or other legal authority allowing the Sheriff to do so.

14. Hanson's ex-wife entered the real property and converted Hanson's personal property to her own use thereby permanently depriving Hanson of his ownership of the property.

15. Hanson reported his ex-wife's actions to Canyon County.

16. Canyon County took no action to address the unlawful entry, burglary and/or theft perpetrated by Hanson's ex-wife.

17. Hanson has a right to due process and equal protection pursuant to the 14th Amendment to the United States Constitution.

18. Canyon County deprived Hanson of his constitutionally protected rights to due process and/or equal protection by taking action under color of state law and allowing Hanson's ex-wife to enter Hanson's real property and convert Hanson's personal property without permission or legal authority.

19. As a direct and proximate result of Canyon County's actions, Hanson has been

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**                                        3

economically damaged in an amount to be proven at trial in excess of $50,000.

PRAYER FOR RELIEF

WHEREFORE, Hanson requests judgment against Canyon County as follows:

1.  An award of damages, according to proof, including special and general economic damages pursuant to 42 U.S.C. § 1983 in excess of $50,000;

2.  Pre and post-judgment interest as provided by law;

3.  Attorneys' fees and costs pursuant to 42 U.S.C. §1983;

4.  Any and all further relief as the Court deems just and proper in the premises.

DATED this _8th_ day of June, 2015.

_____
PHILIP HANSON
Plaintiff

DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiff hereby demands a trial by jury on all issues properly triable to a jury in this action.

DATED this _8th_ day of June, 2015.

_____
PHILIP HANSON
Plaintiff

**COMPLAINT AND DEMAND
FOR JURY TRIAL**                    4

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the foregoing is true and correct.

EXECUTED on the 8ᵗʰ day of June, 2015.

*Philip Hanson*

PHILIP HANSON
Plaintiff

**COMPLAINT AND DEMAND
FOR JURY TRIAL**                                5